# Presbyterian Congregation of Erie *versus* Colt's Executors.

1. A church, and the lot upon which it is erected, are private property, and subject to levy and sale, in the same manner as other private property.

ERROR to the Court of Common Pleas of *Erie county.*

The plaintiffs in error and defendants below, are the trustees of a congregation, which was incorporated by the Supreme Court of this Commonwealth, on the 12th day of October, A. D. 1825, under the provisions of the act of the General Assembly of the 6th day of April, A. D. 1791. The plaintiffs below recovered a judgment in the Court of Common Pleas of Erie county, against the corporation, for the sum of $1236.63, upon which judgment he issued a *fieri facias*, No. 20, Nov. Term, 1853, and levied upon a lot of ground belonging to said corporation, upon which its meeting house is erected. The plaintiffs in error filed their motion in said Court of Common Pleas, to set aside said levy, upon the ground that the lot of land, with the meeting house thereon, was not the subject of levy and sale. The court below overruled the motion, of which decision the plaintiffs in error complain, and have sued out this writ of error.

*Marshall* and *Thompson*, for plaintiffs in error, contended that the necessary ground owned and appropriated by an incorporated congregation, to erect the meeting house upon, and the usual appurtenant thereto, the burying ground, are not the subject of levy and sale. That is the question here presented. It is true, the levy in this case does not include the burying ground, but if the meeting house, and the ground upon which it is erected, are subject to levy and sale, the other, which is only an appurtenant, would also be subject to sale; and referred to 4th section of Act of 6th April, 1791; Act of 2d August, 1842, sec. 32; 13 S. & R. 210; 9 W. & S. 27; 10 Barr, 164; Ib. 274.

*Walker* and *Taylor*, for defendants in error, contended that by the common law, the property of a corporation was subject to execution, as in other cases; Angell on Corporations, 648; and that our acts of assembly have not changed the common law.

6 H. 275; 12th section of Act of 16th June, 1836; 2 Pa. R. 470.

The opinion of the court was delivered September 20, 1853, by LOWRIE, J.—This congregation claim that their church and church lot, are not liable to be sold on an execution in payment of their debts; and they found this claim on the law giving religious corporations power to hold a limited quantity of land for religious and charitable purposes, upon their design to promote the public benefit, and upon the decision that canals and roads of incorporated companies, and their toll-houses, are not subject to sale. But canals and roads are rights of passage over other men's land, and this right belongs to the public, and not to the companies. Their only right being that of taking toll, as a compensation for construction and repair; and the toll-houses are merely incident to the right of toll. This right is reached by creditors, not by a sale of the canal or road, but by a process, that preserves the public rights in public hands, and does not commit them as private rights to private individuals.

These principles cannot apply to churches, which though of essential public benefit, are necessarily private property; for the Bill of Rights, sect. 3, prevents them from being otherwise. The power given to religious societies to hold land, was not intended to prevent them from selling it, nor to enable them to hold it against their creditors, but to hold and sell it as individuals could do, always subject to the claims of creditors. If it be true, that burying grounds are not subject to sale on execution, it is not those statutes that prevent it.

Churches are intended for the public benefit, but this is a part of the public interest, that is committed exclusively to private enterprise, and governed by the rules and remedies that belong to private relations, and it may well be questioned whether it would be for the public benefit to allow them to disregard their contracts. Under our law, they can scarcely have more income than is necessary to maintain their religious worship, and a writ of sequestration would be a fruitless remedy. The 72d section of the Execution Act of 1836, gives the proper remedy.

Proceedings affirmed.